**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROOFERS LOCAL 195 PENSION FUND; ROOFERS LOCAL 195 HEALTH AND ACCIDENT FUND; ROOFERS LOCAL 195 ANNUITY FUND, by Patricia Redhead, Plan Manager; ROOFERS LOCAL 195 JOINT APPRENTICESHIP TRAINING FUND, by Ronald Haney and Joseph Chiarizia, as Trustees; ROOFERS' LOCAL UNION NO. 195 LABOR-MANAGEMENT COOPERATION COMMITTEE, by Ronald Haney and Joseph Chiarizia, as Trustees; LOCAL 195 OF NEW YORK UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS, AFL-CIO, by Ronald Haney, Business Manager, | ) ) ) ) ) ) ) ) ) ) ) **COMPLAINT** |
| Plaintiffs, | ) ) |
| v. | ) ) |
| COMMERCIAL ROOFING & SHEET METAL CO., INC., and KENNETH SAYA, Individually, and as an officer of COMMERCIAL ROOFING & SHEET METAL CO., INC., | ) ) ) ) Civil Action No. 5:18-CV-0163 (GLS/DEP) |
| Defendants. | ) ) ) |

Plaintiffs, by their undersigned attorneys, Blitman & King LLP, complaining of the Defendants, respectfully allege as follows:

## I. JURISDICTION AND VENUE

1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended [hereinafter "ERISA"] [29 U.S.C. §§1001 et seq.]. It is an action by fiduciaries of employee benefit plans for monetary and injunctive relief to redress violations of ERISA Section 515 and 502(g)(2) [29 U.S.C. §§1145, 1132(g)(2)].

2.      Jurisdiction is conferred on this Court by ERISA Section 502(a), (e) and (g)(2) [29 U.S.C. §1132(a), (e), and (g)(2)], without respect to the amount in controversy or the citizenship

of the parties, as provided in ERISA Section 502(f) [29 U.S.C. §1132(f)].

3.      Venue is established in this Court by ERISA Section 502(e)(2) [29 U.S.C. §1132(e)(2)]. It is an action brought in the judicial district where some of the plans are administered and where the ERISA violations took place.

4.      This is also an action arising under Section 301(a) of the Labor-Management Relations Act of 1947, as amended [hereinafter "LMRA"] [29 U.S.C. §185(a)].  It is a suit for, among other things, violations of a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined in the LMRA [29 U.S.C. §141 et seq.].

5.      Jurisdiction is also conferred on this Court, without respect to the amount in controversy, pursuant to LMRA Section 301(a) [29 U.S.C. §185(a)], and pursuant to the laws of the United States of America [28 U.S.C. §1337].

## II. DESCRIPTION OF THE PARTIES

6.      Plaintiff Patricia Redhead is the Plan Manager of the Roofers Local 195 Pension Fund [hereinafter "Pension Fund"].  The Pension Fund is administered within the Northern District of New York, at 6200 State Rt. 31, Cicero, New York 13039.  Patricia Redhead is a fiduciary of the Pension Fund, as defined in ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

7.      Plaintiff Patricia Redhead is the Plan Manager of the Roofers Local 195 Health and Accident Fund [hereinafter "Health and Accident Fund"].  The Health and Accident Fund is administered within the Northern District of New York, at 6200 State Rt. 31, Cicero, New York 13039.  Patricia Redhead is a fiduciary of the Health and Accident Fund, as defined in ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

8.      Plaintiff Patricia Redhead is the Plan Manager of the Roofers Local 195 Annuity Fund [hereinafter "Annuity Fund"].  The Annuity Fund is administered within the Northern District of New York, at 6200 State Rt. 31, Cicero, New York 13039.  Patricia Redhead is a fiduciary of the Annuity Fund, as defined in ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

9.      Plaintiffs Ronald Haney and Joseph Chiarizia are Trustees of the Roofers Local 195 Joint Apprenticeship Training Fund [hereinafter "Training Fund." The Pension Fund, Health and Accident Fund, Annuity Fund, and Training Fund are referred to collectively as "Local 195 Funds"].  Mssrs. Haney and Chiarizia are fiduciaries of the Training Fund, as defined in ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].   The Training Fund is administered within the Northern District of New York, at 6200 State Rt. 31, Cicero, New York 13039.

10.      Plaintiffs Ronald Haney and Joseph Chiarizia are Trustees of the Roofers' Local Union No. 195 Labor-Management Cooperation Committee [hereinafter "LMCC" with the Pension Fund, Health and Accident Fund, Annuity Fund, and Training Fund are referred to collectively as "Funds" or "Plans"].  Mssrs. Haney and Chiarizia are fiduciaries of the LMCC, as defined in ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].  The LMCC is administered within the Northern District of New York, at 6200 State Rt. 31, Cicero, New York 13039.  The Funds are collection agent for the National Roofing Industry Pension Fund.

11.      The Local 195 Funds and the National Roofing Industry Pension Fund are multi-employer plans, as defined in  ERISA Section 3(37) [29 U.S.C. §1002(37)], and are employee benefit plans, as defined in ERISA Section 3(3) [29 U.S.C. §1002(3)].

12.      Plaintiff Ronald Haney is the Business Manager of the Local 195 of New York United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO [hereinafter "Union"].

The Union is an unincorporated association maintaining its principal offices at 6200 State Rt. 31, Cicero, New York 13039.

13.     Plaintiff Union is a labor organization in an industry affecting commerce, within the meaning of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §141 et seq.].   The Union is collection agent for the Roofing Contractors Association Industry Advancement Fund ["I.A.F"].  The Union also collects dues assessment, International Hourly Assessments ["I.H.A."], Vacation Fund monies, and International Research and Education Fund ["I.R.E.F."] monies as required by the applicable collective bargaining agreement.

14.     Upon information and belief, Defendant Commercial Roofing and Sheet Metal Co., Inc. [hereinafter "Defendant Commercial Roofing" or "Defendant Corporation"] is a corporation incorporated under the laws of the State of New York, having its principal place of business and offices located at 6645 Terminal Road, East Syracuse, New York 13057.

15.     Upon information and belief, Defendant Kenneth Saya [hereinafter "Defendant Saya"] resides at 1202 Black Point Road, Canastota, New York 13032 and, at all times relevant herein, was an officer and shareholder of Commercial Roofing and Sheet Metal Co., Inc.

16.     The Defendants are employers in an industry affecting commerce, all as defined in ERISA Sections 3(5)(11) and (12) [29 U.S.C.  §1002(5)(11) and (12)].  The Defendants are also employers of employees covered by employee benefit plans and multi-employer plans maintained pursuant to collective bargaining agreements, all as defined in ERISA Sections 3(3) and (37) [29 U.S.C. §1002(3) and (37)], and are obligated to make contributions to the Plans in accordance with ERISA Section 515 [29 U.S.C. §1145].

17.     Defendants are parties in interest with respect to the Plans as defined in ERISA Section 3(14)(H) [29 U.S.C. §1002(14)(H)] and act directly as an employer and/or indirectly in

the interests of employers in relation to the Plans, all as defined in ERISA Section 3(5) [29 U.S.C. §1002(5)].

18.     To the extent that Defendants exercised any authority or control with respect to the management or disposition of assets of Plaintiff Funds, they are fiduciaries within the meaning of ERISA Section 3(21)(A) [29 U.S.C. §1002(21)(A)].

### III.  FIRST CAUSE OF ACTION

19.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "18" inclusive of this Complaint as if fully set forth herein.

20.     ERISA Section 515 [29 U.S.C. §1145] provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

21.     At all times relevant herein, the Defendant Corporation was party to a collective bargaining agreement with Local Union 195 of New York, United Union of Roofers, Waterproofers and Allied Workers, AFL-CIO [hereinafter "Agreement"].

22.     Pursuant to the Agreement, the Defendant Corporation is bound by the terms and conditions, rules and regulations of the Agreement and Declaration of Trust of the Roofers Local 195 Pension Fund, the Agreement and Declaration of Trust of the Roofers Local 195 Health and Accident Fund, Agreement and Declaration of Trust of the Roofers Local 195 Annuity Fund, the Agreement and Declaration of Trust of the Roofers Local 195 Joint Apprenticeship Training Fund, the Agreement and Declaration of Trust of the Roofers Local Union No. 195 Labor-Management Cooperation Committee, the Agreement and Declaration of

Trust of the National Roofing Industry Pension Fund, and the Collections Policy of the Roofers Local 195 Pension, Health and Accident, Annuity and Joint Apprenticeship Training Funds [hereinafter "Trusts" and "Collections Policy"].

23.     The Agreement, Trusts, and Collections Policy obligate Defendant Corporation to submit reports and remit contributions to Plaintiff Funds and/or Union for each hour certain employees performed work.

24.     The Agreement obligates Defendant Corporation to deduct from certain employees' wages specified amounts and pay these amounts to the Plaintiffs, these amounts representing dues deductions, international hourly assessment, industry advancement deductions, and vacation deductions.

25.     The Agreement, Trusts, and Collections Policy obligate the Defendant Corporation to file its remittance reports and remit contributions and deductions to Plaintiffs by the fifteenth (15th) day of the month following the month during which the hours were worked by its employees.

26.     In addition to the above and pursuant to the Agreement, the Trusts, the Collections Policy and ERISA Sections 515 and 502(g)(2) [29 U.S.C. §§1132(g)(2), 1145], if the Defendant Corporation fails to timely remit contributions and deductions, it is liable not only for the amount of contributions and deductions due, but also for the following: (1) interest on the unpaid and untimely paid Pension, Health and Accident, Annuity, and Training Fund contributions, at the rate of eighteen percent (18%) per annum; plus (2) the greater of interest on the unpaid and untimely paid Pension, Health and Accident, Annuity, and Training Fund contributions or liquidated damages equal to ten percent (10%) of the unpaid and untimely paid Pension, Health and Accident, Annuity and Training Funds contributions; plus (3) interest

on unpaid and untimely paid LMCC contributions, at the rate of eighteen percent (18%) per annum; plus (4) the greater of interest on the unpaid and untimely paid LMCC contributions or liquidated damages equal to ten percent (10%) of the unpaid and untimely paid LMCC contributions; plus (5) interest on unpaid and untimely paid N.R.I.P.F and I.R.E.F. contributions, at the rate of twelve percent (12%) per annum; plus (6) the greater of interest on the unpaid and untimely paid N.R.I.P.F and I.R.E.F. contributions or liquidated damages of ten percent (10%) of the unpaid and untimely paid N.R.I.P.F and I.R.E.F. contributions; (7) interest on the unpaid and untimely paid  Union dues deductions, I.H.A., I.A.F. and vacation fund monies, at the rate of nine percent (9%) per annum; plus (8) costs and fees of collection and attorneys' and paralegal fees.

27.    The Defendants owe $44,327.59 in fringe benefit contributions and deductions for hours worked by the Defendants' employees in covered employment during the period July 1, 2016 through July 31, 2017.

28.    Despite due demand, Defendants have failed and refused, and continue to fail and refuse, to pay the foregoing contributions and deductions due for the period July 1, 2016 through July 31, 2017 plus the applicable interest, liquidated damages, fees, costs and expenses of collection.

29.    Defendants, therefore, owe $44,327.59 in fringe benefit contributions and deductions for work covered by the Agreement plus the applicable interest, liquidated damages, fees, costs, and expenses of collection at the rates set forth herein.

**IV.  SECOND CAUSE OF ACTION**

30.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "29" inclusive of this Complaint as if set forth fully at this point.

31.     During the period July 1, 2016 through July 31, 2017, Defendant Corporation, or others on its behalf, untimely remitted $59,219.72 to the Plaintiffs related to hours worked in covered employment by its employees pursuant to the Agreement.

32.     As a result of the Defendants' untimely remittance of $59,219.72, they owe interest and liquidated damages at the rates set forth herein.

33.     Defendants, therefore, owe $3,752.64 in interest and $5,166.34 in liquidated damages for the period July 1, 2016 through July 31, 2017 together with the costs and fees of collection.

## V. THIRD CAUSE OF ACTION

34.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

35.     ERISA Section 404(a) provides that fiduciaries must discharge their duties with respect to an ERISA covered plan "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of providing benefits" and "defraying reasonable administrative expenses" [29 U.S.C. §1104(a)(1)(A)].

36.     ERISA Section 404(a) also provides that fiduciaries must discharge their duties "in accordance with the documents and instruments governing the plan insofar as such documents and instruments" are consistent with federal law [29 U.S.C. §1104(a)(1)(D)].

37.     The Trusts of the Local 195 Funds provide that title to all contributions paid into and/or due and owing to the Plaintiff Funds is vested in and remains exclusively in the Trustees of the Plaintiff Funds; outstanding and withheld contributions constitute plan assets.

38.     As a result of the work performed by Defendants under the Agreements, Defendants, upon information and belief, received substantial sums of money related to

construction projects intended to pay, among other things, the wages and benefits of employees furnishing and supplying the labor.

39. Defendants were fiduciaries with respect to the plan assets that they failed to timely pay into the Local 195 Funds.

40. Upon information and belief, Defendant Kenneth Saya owned, controlled, and dominated the affairs of Defendant Corporation, he acted on behalf of and in the interest of this Corporation, and he carried on the business of the Defendant Corporation for his own personal ends.

41. Upon information and belief, Defendant Kenneth Saya withheld, permitted the withholding of, or authorized the withholding of contributions from the Funds, and Defendant Kenneth Saya dealt with plan assets for his own personal use and benefit although the plan assets rightfully belonged to the Funds.

42. Upon information and belief, Defendant Kenneth Saya had managerial discretion and control over Defendant Corporation, made all decisions on behalf of the Defendant Corporation, signed contracts governing the Defendant Corporation, acted on behalf of and in the interest of his Corporation, and made all decisions concerning payments by the Corporation.

43. Upon information and belief, Defendant Kenneth Saya determined which creditors Defendant Corporation would pay, determined when the Local 195 Funds would be paid, determined how much money would be paid to the Local 195 Funds, determined which employees of the Corporation would be reported to the Plaintiff Funds, and exercised control over money due and owing to the Local 195 Funds.

44.     Upon information and belief, Defendant Kenneth Saya commingled or permitted the commingling of assets of the Local 195 Funds with the Defendant Corporation's general assets and used the Local 195 Funds' assets to pay other creditors of Defendant Corporation rather than forwarding the assets to the Local 195 Funds.

45.     Upon information and belief, while retaining Plaintiffs' contributions, Defendant Kenneth Saya transferred, applied or diverted, or permitted the transfer, application, use, or diversion of, the Local 195 Funds' assets for purposes other than the Plaintiff Funds without first making payment to Plaintiff Funds.

46.     The transfer of the assets to persons other than the Plaintiff Funds described in this Complaint occurred, and/or the use of the assets for purposes other than those permitted by the Local 195 Funds occurred, with the knowledge and/or at the direction of, Defendant Kenneth Saya.

47.     By withholding the contributions from Local 195 Funds, Defendant Kenneth Saya received and retained for his own personal use and benefit, monies which were rightfully assets of the Local 195 Funds in violation of ERISA Section 404(a)(1)(A) [29 U.S.C. §1104(a)(1)(A)].

48.     By withholding the contributions from Local No. 195 Funds, Defendant Kenneth Saya failed to abide by the documents and instruments governing the Local 195 Funds in violation of ERISA Section 404(a)(1)(D) [29 U.S.C. §1104(a)(1)(D)].

49.     To the extent Defendant Kenneth Saya acting in his capacity as corporate officer, director, and/or shareholder, abused his position as fiduciary by permitting, directing, or instigating this transfer, application, or diversion in a manner contrary to his fiduciary obligations and his actions are a breach of trust under ERISA [29 U.S.C. §§1104, 1106, and

1109].

50.     By reason of the wrongful diversion and/or conversion of the Plaintiff Funds'

assets, the Plaintiff Funds have not been paid monies rightfully due to them.

51.     As a result of the breaches of fiduciary duty described above, Defendant

Kenneth Saya is liable to the Local 195 Funds (i) for the fringe benefit contributions due and

owing to the Funds; plus (ii) for the interest at the consolidated rate of return of the Local 195

Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore

Local 195 Funds any profits that Defendants made through use and retention of the assets of

these Funds.

## VI.  FOURTH CAUSE OF ACTION

52.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs

"1" through "51" inclusive of this Complaint as if fully set forth herein.

53.     Absent an exemption, ERISA Section 406(a) makes it unlawful for fiduciaries to

permit ERISA covered plans to engage in certain transactions with parties in interest, including

transactions that exchange property or extend credit [29 U.S.C. §1106(a)(1)(A) and (B)]. Absent

an exemption, ERISA Section 406(b) makes it unlawful for fiduciaries to deal with plan assets

for their personal account [29 U.S.C. §1106(b)(1)-(3)].

54.     At all times relevant herein, Defendants were parties in interest with respect to

the Local 195 Funds because they were fiduciaries, employers, or owners within the meaning

of ERISA Section 3(14)(A), (C) and (E) [29 U.S.C. §1002(14)(A), (C), and (E)].

55.     To the extent that Defendant Kenneth Saya has withheld, permitted the

withholding of, or authorized the withholding of the contributions from the Plaintiff Funds,

Defendant Kenneth Saya has dealt with the plan assets in his own interest and/or exchanged

property or extended credit from plan assets for his own personal use and benefit in violation of ERISA Section 406 [29 U.S.C. §1106], and he has received and retained from the Plaintiff Funds for, upon information and belief, his own personal use and benefit, monies which are rightfully assets of the Plaintiff Funds.

56.     To the extent that Defendant Kenneth Saya has withheld, received, and retained the contributions, or allowed the withholding and retention of contributions, Defendant Kenneth Saya, as a party in interest, has impermissibly used the assets of the Plaintiffs' Plans in contravention of ERISA Section 406 [29 U.S.C. §1106], the interests of the Plaintiff Funds and the interests of the Plaintiff Funds' fiduciaries, participants, and beneficiaries.

57.     As a result of the breaches of fiduciary duty described above, Defendant Kenneth Saya is liable to the Local 195 Funds (i) for the fringe benefit contributions due and owing to the Funds; plus (ii) for the interest at the consolidated rate of return of the Plaintiff Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore to the Local 195 Funds any profits that Defendants made through use and retention of the assets of these Funds.

**VII.  FIFTH CAUSE OF ACTION**

58.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "57" inclusive of this Complaint as if set forth fully herein.

59.     If this Court does not enjoin Defendants from further violations of ERISA, LMRA, Agreement, Trusts, and Collections Policy, Plaintiff Plans will be further damaged as a result thereof in ways and amounts which cannot be accurately measured in terms of money, either as to extent or amount.

60.     Defendants have failed to comply with their obligations to the Plaintiff Plans, despite due demand for compliance, and unless this Court enjoins Defendants from violating ERISA, LMRA, Agreements, and Collections Policy, Defendants will continue to fail to timely remit contributions, deductions, and monthly remittance reports described herein, causing Plaintiff Plans and the beneficiaries of the Plans to incur additional serious and irreparable harm by further burdening and obstructing the administration and operation of the Plans and endangering the payment of promised benefits from the Plans to qualified beneficiaries.

61.     Defendants' failure to comply with their obligations to the Plans has reduced the corpus and income of the Plans thereby jeopardizing the stability and soundness of the Plans as well as the ability to pay benefits.

62.     Defendants' failure to comply with their obligations to the Plans may cause sufficient instability to the Plans' financial affairs such that participant benefits may be reduced or terminated.

63.     Because Defendants continue to fail to comply with their obligations to the Plans, new delinquencies are now being created monthly, again depriving the Plans of adequate monies to pay promised benefits which in turn could cause the foregoing irreparable harm to be intensified in magnitude.

64.     Based on the foregoing instances of serious, substantial, and irreparable injury and damage, a mere money judgment is an inadequate remedy at law.

65.     Unless this Court enjoins Defendants from breaching ERISA, LMRA, Agreements, Trusts, and Collections Policy and unless Defendants are compelled to remit all monies and reports that become due or are determined to be due to Plaintiffs whether arising before or after commencement of the action, greater injury will be inflicted upon the Plans, their

Trustees, participants and beneficiaries, by denial of relief than could possibly be inflicted upon Defendants by granting such relief.

## IX.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment against Defendants Commercial Roofing & Sheet Metal Co., Inc. and Kenneth Saya, individually, as follows:

A.      On Plaintiffs' First Cause of Action, judgment against the Defendants for $44,327.59 in fringe benefit contributions and deductions for work covered by the Agreement plus the applicable interest, liquidated damages, costs, and fees of collection, including, but not limited to attorneys' fees, audit fees, and expenses at the rates set forth in the Collections Policy.

B.      On Plaintiffs' Second Cause of Action, judgment against Defendants for $3,752.64 in interest and $5,166.34 in liquidated damages for the late contributions and deductions related to the period July 1, 2016 through July 31, 2017 together with the costs and fees of collection.

C.      On Plaintiffs' Third and Fourth Causes of Action, judgment against Defendant Kenneth Saya for (i) for the fringe benefit contributions due and owing to the Local 195 Funds; plus (ii) for the interest at the consolidated rate of return of the Plaintiff Funds' investments; plus (iii) for the attorneys' fees and costs of collection; and (iv) to restore to the Local 195 Funds any profits that Defendants made through use and retention of the assets of these Funds.

D.      On Plaintiffs' Fifth Cause of Action, judgment against the Defendants as follows:

(i)      Judgment for any and all additional contributions and deductions that become due following commencement of the action or are determined to be due whether arising before or after

commencement of the action, plus the applicable interest and liquidated damages as set forth in the Collections Policy;

(ii)   A permanent injunction preventing and restraining the Defendants from breaching the Agreements and Declarations of Trust of the Roofers Local 195 Pension Fund, Roofers Local 195 Health and Accident Fund, Roofers Local 195 Annuity Fund, and Roofers Local 195 Joint Apprenticeship Training Fund, the Collections Policy of the Plans, and the collective bargaining agreement by which they are bound; and

(iii)  A permanent injunction directing the Defendants to perform and continue to perform their obligations to the Plaintiffs, specifically, directing them to timely furnish the required monthly remittance reports and payments to Plaintiffs, and to provide the Plaintiffs, upon demand and at Defendants' expense, access to their books and records for an audit and examination relating to the employment of their employees, including but not limited to weekly payroll reports, payroll journals and quarterly employer reports for various federal and state agencies.

E.   Such other relief as the District Court deems just and proper.

DATED: February 8, 2018

BLITMAN & KING LLP

By:   _Juwe Klfd_____

Daniel Kornfeld, of Counsel
Bar Roll No. 512729
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
e-mail: dekornfeld@bklawyers.com